**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-607C
(Filed September 28, 2015)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
BILLY DRIVER,                    *
                                 *
                    Plaintiff,   *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
                    Defendant.   *
                                 *
* * * * * * * * * * * * * * * * *
```

**FILED**

SEP 28 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Billy Driver is a *pro se* plaintiff, having filed a complaint against the United States on June 16, 2015. Plaintiff seeks compensation for his alleged unjust conviction and continuing imprisonment in the California state prison system. Mister Driver also seeks social security benefits and requests damages for torts committed by prison guards, such as withholding meals from him.

Defendant moved to dismiss this case for lack of jurisdiction on August 12, 2015. In support of its motion, the government argues that this court does not have jurisdiction over plaintiff's claims for unjust conviction. Mot. at 4. In order for this court to have jurisdiction, plaintiff must have a valid certificate of innocence. *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958). *Id.* Defendant notes that plaintiff has not submitted a valid certificate of innocence. *Id.* The government also argues that this court lacks jurisdiction over claims for social security benefits, *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990), and tort claims against the government, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). *Id.* at 6-7.

Pursuant to the Rules of the United States Court of Federal Claims (RCFC), plaintiff is required to respond to a motion seeking dismissal under RCFC 12(b) within 28 days of service. RCFC 7.2(b)(1). Plaintiff's response to the government's motion to dismiss was due on or by September 14, 2015. Plaintiff has not filed a

response.  The failure to timely respond to a motion to dismiss a case, by itself, warrants dismissal of the case for failure to prosecute and to comply with these rules.  *See* RCFC 41(b).

Taking into consideration plaintiff's *pro se* status, however, the Court has examined the complaint.  Nothing in this pleading alleges a cause of action over which this court has jurisdiction.  The documents that plaintiff has submitted with his complaint do not remotely resemble the certificate of innocence required by 28 U.S.C. § 2513.  Nor, for that matter, has plaintiff even alleged that he was convicted of a crime against the *United States*, which is necessary to bring a claim under 28 U.S.C. § 1495.  To the contrary, plaintiff remains incarcerated in a *state* penitentiary, apparently for violations of *state* criminal laws.  The government is correct that our court lacks jurisdiction over claims for social security benefits and torts actions against the government.  *See Marcus*, 909 F.2d at 1471; *Brown*, 105 F.3d at 623; 28 U.S.C. 1491(a)(1) (limiting jurisdiction to "cases not sounding in tort").  Thus, defendant's motion to dismiss this case, for lack of subject-matter jurisdiction, is **GRANTED**.  The Clerk shall close the case.

**IT IS SO ORDERED.**

/s/ Victor J. Wolski
VICTOR J. WOLSKI
Judge